IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-331 |
| vs. | |
| CARLOS VIDAL-MIX, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 237) filed by the defendant, Carlos Vidal-Mix. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906

(8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged, as relevant, with one count of conspiring to distribute 500 grams or more of a methamphetamine mixture, one count of possession 500 grams or more of a methamphetamine mixture with intent to deliver it, and one count of illegal reentry. Filing 99. He pled guilty to the conspiracy and illegal reentry charges pursuant to a plea agreement. Filing 129; filing 130; filing 131. The plea agreement provided that the government would dismiss the possession charge at sentencing. Filing 130 at 1. The defendant waived his rights to appeal and collateral attack, except for claims that the charge failed to state a crime or that the defendant received ineffective assistance of counsel. Filing 130 at 6-7. There were no cooperation provisions in the agreement. Filing 130.

In his petition to enter a guilty plea, the defendant indicated his understanding that the mandatory minimum sentence for the conspiracy charge was 120 months' imprisonment. Filing 129 at 6. He was told at the change of plea hearing that he faced a mandatory minimum sentence of 120 months' imprisonment, and he said he understood. Filing 134 at 9. He was told that if he decided to cooperate with the government, the government was not required to do anything in exchange—that is, that it was up to the government to decide whether to ask for the defendant's sentence to be

reduced. Filing 134 at 18-19. He said he understood that, and that the Court was not required, even then, to reduce his sentence. Filing 134 at 19. And the Court explained the waiver of appeal and collateral attack, which the defendant also said he understood. Filing 134 at 10-11. Finally, the defendant also said no one had made promises to him that were not in the plea agreement. Filing 134 at 24.

The Court accepted the defendant's plea of guilty. Filing 134. The presentence report established a criminal history category I, finding no criminal history. Filing 187 at 13. Based on a criminal history category I and a total offense level 29, the presentence report found a guidelines imprisonment range for the conspiracy charge that was below the statutory mandatory minimum of 120 months. Filing 187 at 16. The defendant objected to the probation office, contending that the defendant was safety-valve eligible. Filing 187 at 19. The probation office, however, indicated that according to the government, the defendant had not met the proffer requirement. Filing 187 at 19. The defendant objected to the presentence report, asserting his safety-valve eligibility. Filing 165. The government opposed the objection, arguing that the defendant had been "evasive and deliberately untruthful" during the safety-valve interview. Filing 180 at 2.

Evidence was adduced at sentencing regarding the defendant's safety-valve eligibility. *See* filing 183; filing 184. The Court found that the defendant had not "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," and therefore that the defendant was not safety-valve eligible. *See* 18 U.S.C. § 3553(f). The Court sentenced the defendant to 120 months' imprisonment on the conspiracy count, and 18 months' imprisonment on the illegal reentry count,

sentences to be served concurrently. Filing 189 at 2. The defendant was also provided with a notice of his right to appeal, which he signed. Filing 185. He did not appeal.

DISCUSSION

The defendant claims that he received ineffective assistance of counsel. Filing 237 at 4. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

The defendant lists a number of ways in which he alleges that his counsel was ineffective, but it is notable what he does *not* allege: that but for the alleged errors, he would not have pleaded guilty. And the ways in which he claims he was uninformed are contradicted by the record.

To begin with, the defendant claims that he did not know that by signing the plea agreement he was giving up his right to appeal and collateral attack. Filing 237 at 4. But as set forth above, the Court expressly

advised him of that, and he said he understood. A defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity, and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). Moreover, the defendant was again advised of his right to appeal at sentencing, but did not—and there is nothing to indicate that his decision not to appeal was somehow the result of his plea agreement.

The defendant also claims that his criminal history was inaccurate because does not "have any record but this offense prevented [him] from having the safety valve." Filing 237 at 5. That's simply incorrect. U.S.S.G. § 5C1.2(a) and § 3553(f) provide that a defendant qualifies for safety valve relief if:

(1) he does not have more than 1 criminal history point;

(2) he did not use violence or threats of violence, or possess a firearm or other dangerous firearm in connection with the offense;

(3) the offense did not result in death or serious bodily injury;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

§ 5C1.2(a). So, the defendant's criminal history did not affect his safety valve qualification, because he had no criminal history points. Instead, the Court

found based on the evidence at sentencing that the defendant was not eligible for the safety valve because he had not truthfully provided the government with all the information and evidence he had concerning the offense. The defendant contends that he "was misled by [his] lawyer into going through the motions of it and [] had an interview with the agents for that purpose[,]" but he blames his criminal history and his lawyer for his failure to qualify when the record is clear that the failure was his own.

The defendant also asserts that he was promised an opportunity for a sentence reduction. Filing 237 at 8. But the defendant was repeatedly told that he faced a mandatory minimum sentence of 120 months. And there is

> abundant circuit precedent holding that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range.

*United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009); *accord United States v. Guardado*, 863 F.3d 991, 993 (8th Cir. 2017); *Walker v. United States*, 810 F.3d 568, 578 (8th Cir.), *cert. denied,* 136 S. Ct. 2042 (2016). Here, the defendant was informed of more than the possible sentencing range—he was told, specifically and repeatedly, that he faced a mandatory minimum sentence of 120 months' imprisonment.

In sum, the defendant was completely informed about his sentence when he entered his guilty plea. His plea was knowing and voluntary, and the alleged deficient performance by his counsel (if any) could not have prejudiced him. Nor does he allege that, absent the performance of counsel,

he would have insisted on going to trial. Accordingly, his claim of ineffective assistance of counsel is without merit.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 237) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 23rd day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge