IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CARLOS VIDAL-MIX, Defendant. | 8:16-CR-331 MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's "Motion for Modification of Term of Imprisonment Pursuant 18 U.S.C. § 3582(c)(2)" (filing 257) and subsequent correspondence (filing 266) that the Court has filed as a supplement to that motion. The defendant's motion will be denied.

The defendant's motion asks for a sentence reduction pursuant to § 3582(c)(2), which provides that a sentencing court may reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and *Hughes v. United States*, in which the Supreme Court held that a sentencing imposed pursuant to a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." 138 S. Ct. 1765, 1775 (2018). But *Hughes* does not apply here, because the defendant was not sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. *See* filing 130.

Instead, the defendant was sentenced to 120 months' imprisonment for conspiring to distribute 500 grams or more of a methamphetamine mixture, and 18 months' imprisonment for illegal reentry, sentences to be served concurrently—meaning that the defendant was sentenced to the statutory

mandatory minimum. Filing 189 at 2; *see* 21 U.S.C. § 841(b)(1)(A)(viii). And the defendant has not identified any Guidelines amendment that would authorize the Court to resentence the defendant below the mandatory minimum sentence. *See United States v. Theeler*, 633 F. App'x 358, 359 (8th Cir. 2016); *United States v. McGuire*, 524 F.3d 891, 892 (8th Cir. 2008); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008).

The defendant's supplemental filing (filing 266) more specifically asks the Court for a two-point reduction in the offense conduct for being a minor participant in the offense. But the defendant already got that reduction—the presentence report found the defendant to be a minor participant, and the Court adopted the presentence report without change. Filing 187 at 12; filing 190 at 1. The defendant also asks the Court about safety valve eligibility, but the Court already explained that the defendant was not eligible for the safety valve because he had not truthfully provided the government with all the information and evidence he had concerning the offense. Filing 238 at 5-6; *see* 18 U.S.C. § 3553(f)(5).

The defendant also asks the Court about his eligibility for "the new first offender guidelines." But there are least three problems with that. The first is that the Court cannot find any adopted amendment to the sentencing guidelines matching the defendant's description. *See* United States Sentencing Commission, *Adopted Amendments (Effective November 1, 2018)*, (April 30, 2018), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20180430_Amendments.pdf. Nor could there be such an amendment: when a statute and guideline conflict, the statute controls. *United States v. Stoneking*, 60 F.3d 399, 402 (8th Cir. 1995). The Sentencing Commission can't override a statutory mandatory minimum sentence. *See id.*

Second, at least at this point, none of the adopted amendments have been made retroactive. A sentence reduction pursuant to § 3582(c)(2) is not a resentencing: § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court is constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by an amendment may be reduced. *Id.* Because § 3582(c)(2) authorizes a reduction *only* if it is consistent with policy statements issued by the Sentencing Commission, the Court must determine that a reduction is consistent with U.S.S.G. § 1B1.10 before it may consider whether the authorized reduction is warranted. *Dillon,* 560 U.S. at 826; *see*, *United States v. Higgins*, 584 F.3d 770, 772 (8th Cir. 2009); *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009).

"If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). In other words, the retroactivity decision is left to the Commission's discretion. *United States v. Hernandez,* 18 F.3d 601, 602 (8th Cir. 1994). Because a sentence reduction pursuant to § 3582(c)(2) must be consistent with the Commission's policy statements, only amendments enumerated in § 1B1.10(d) may be applied retroactively. *Hernandez,* 18 F.3d at 602; *United States v. Dowty*, 996 F.2d 937, 938-39 (8th Cir. 1993). And no amendment to § 1B1.10(d) has been adopted. *See Adopted Amendments (Effective November 1, 2018)* at 47.

Finally, the only adopted amendment that addresses "first offenders"—even if it was to be retroactive—would not help the defendant. A new

application note has been adopted for U.S.S.G. § 5C1.1 relating to "Alternatives to Incarceration for Nonviolent First Offenders," providing in relevant part that "[i]f the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment." *Adopted Amendments (Effective November 1, 2018)* at 75. But a total offense level of 29, even with a criminal history category of I, *see* filing 190 at 1, put the defendant in Zone D of the Sentencing Table. And based on his convictions, the defendant was ineligible for probation. *See* 21 U.S.C. § 841(b)(1)(A); *see also* 18 U.S.C. § 3561(a)(3).

In sum, there are no adopted amendments to the sentencing guidelines that apply to the defendant. The defendant also asks the Court about a sentence reduction pursuant to Fed. R. Crim. P. 35(b)—but whether to seek a reduction pursuant to Rule 35(b) is up to the government, and the Court cannot review that decision just because the defendant asks. *See United States v. Marks*, 244 F.3d 971, 974-75 (8th Cir. 2001).

IT IS ORDERED that the defendant's motion to reduce sentence (filing 257) is denied.

Dated this 2nd day of October, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge